**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BARTON LEE MURPHY,

   Plaintiff-Appellant,

v.

UNITED STATES BUREAU OF
PRISONS, in its official capacity in
the Federal Government of the United
States of America; JANET RENO,
Attorney General, United States of
America, in her individual and official
capacity; KATHLEEN HAWK,
Director of the Federal Bureau of
Prisons, in her individual and official
capacity; ED CROSLEY,
Administrator, National Inmate
Appeals, Central Office, Federal
Bureau of Prisons, in his individual
and official capacity; PATRICK
KANE, Director, North Central
Regional Office, Federal Bureau of
Prisons, in his individual and official
capacity; WILLIAM PERRILL,
Warden, in his individual and official
capacity; and ANGELA SHENK, Head
of I.S.M., Records Office, FCI
Englewood, in her individual and
official capacity,

   Defendants-Appellees.

No. 97-1001
(District of Colorado)
(D.C. No. 96-S-1770)

---

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Barton L. Murphy appeals[1] the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of Murphy's complaint for damages against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Murphy alleged that the United States violated his First, Fifth, Sixth,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Murphy's frivolous and malicious Emergency Motion for Stay of the district court order imposing fees under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (codified at 28 U.S.C. § 1915(b)), is hereby **DENIED**. Mr. Murphy is hereby notified that he is under a continuing obligation to pay the filing fee in this appeal as provided in the district court's orders of January 14, 1997, and January 27, 1997. Failure to pay the fees as required by the district court's orders will be recorded by the Office of the Clerk of the Court of the United States Court of Appeals. Information regarding failure to pay fees as required by law will be provided to this court upon the filing of any future appeals in the Tenth Circuit.

and Fourteenth Amendment rights by seizing and viewing his legal correspondence. The district court dismissed as frivolous and malicious all causes of action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); 42 U.S.C. §§ 1983, 1985; 18 U.S.C. §§ 241, 242, 1501-15; and 28 U.S.C. §§ 2201, 2202, on the ground that those exact same claims had been raised and decided in a prior suit brought by Murphy. As to Murphy's claims under the FTCA, the district court held that those claims failed on two grounds: (1) the constitutional torts alleged by Murphy were not actionable under the FTCA, *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); and (2) Murphy's claims of psychological injury were not actionable under the FTCA absent a showing of physical injury, 28 U.S.C. § 1346(b)(2). This court exercises jurisdiction over Murphy's appeal pursuant to 28 U.S.C. § 1291 and affirms.

Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss an *in forma pauperis* action as frivolous if the "claim [is] based on an indisputedly meritless legal theory" or if it is founded on "clearly baseless" factual contentions. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). This court reviews the dismissal of a complaint as frivolous under § 1915(e)(2)(B) for abuse of discretion. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997).

This court has reviewed Murphy's briefs and contentions, as well as the entire record on appeal. Upon review, we affirm for substantially the reasons set

forth in the district court's well-reasoned Order of Dismissal dated November 27, 1996.  We further note that Murphy's appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).  Mr. Murphy is hereby notified that three filings of cases that are dismissed or affirmed on the basis that they are frivolous or fail to state a claim under 28 U.S.C. § 1915(g) will result in him being unable to proceed *pro se* under the provisions of § 1915.

                ENTERED FOR THE COURT,


                Michael R. Murphy
                Circuit Judge