116 F.3d 1489
 97 CJ C.A.R. 1104
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barton Lee MURPHY, Plaintiff-Appellant,
v.
UNITED STATES of America; Federal Bureau of Prisons;
William Perrill, Warden; and Federal Correctional
Institution, Englewood, Defendants-Appellees.
 No. 97-1000.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1997.
 
 Before SEYMOUR, Chief Judge, PORFILIO and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Barton L. Murphy appeals[1] the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of Murphy's complaint for damages against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Murphy alleged that the United States violated his Eighth Amendment rights by exposing him to "asbestos containing material" at the Federal Correctional Facility at Englewood, Colorado. The district court dismissed as frivolous and malicious all causes of action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); 42 U.S.C. §§ 1983, 1985; and 28 U.S.C. §§ 2201, 2202, on the ground that those exact same claims had been raised and decided in a prior suit brought by Murphy. The district court dismissed Murphy's claims under 18 U.S.C. §§ 241, 242, on the ground that as a private citizen, Murphy had no standing to institute a federal criminal prosecution and no power to enforce a criminal statute. Finally, as to Murphy's claims under the FTCA, the district court held that those claims failed on two grounds: (1) the sole basis of Murphy's complaint was an alleged violation of Murphy's Eighth Amendment rights, a constitutional tort that is not actionable under the FTCA, FDIC v. Meyer, 510 U.S. 471, 477-78 (1994); and (2) Murphy's claims of "potential physical and actual emotional damages" were not actionable because the FTCA requires incarcerated felons to show physical injury, 28 U.S.C. § 1346(b)(2). This court exercises jurisdiction over Murphy's appeal pursuant to 28 U.S.C. § 1291 and affirms.
 
 
 4
 Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss an in forma pauperis action as frivolous if the "claim [is] based on an indisputedly meritless legal theory" or if it is founded on "clearly baseless" factual contentions. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). This court reviews the dismissal of a complaint as frivolous under § 1915(e)(2)(B) for abuse of discretion. See Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir.1997).
 
 
 5
 This court has reviewed Murphy's briefs and contentions, as well as the entire record on appeal. Upon review, we affirm for substantially the reasons set forth in the district court's well-reasoned Order of Dismissal dated November 27, 1996. We further note that Murphy's appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). Mr. Murphy is hereby notified that three filings of cases that are dismissed or affirmed on the basis that they are frivolous or fail to state a claim under 28 U.S.C. § 1915(g) will result in him being unable to proceed pro se under the provisions of § 1915.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Murphy's frivolous and malicious Emergency Motion for Stay of the district court order imposing fees under the Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (codified at 28 U.S.C. § 1915(b)), is hereby DENIED. Mr. Murphy is hereby notified that he is under a continuing obligation to pay the filing fee in this appeal as provided in the district court's orders of January 14, 1997, and January 27, 1997. Failure to pay the fees as required by the district court's orders will be recorded by the Office of the Clerk of the Court of the United States Court of Appeals. Information regarding failure to pay fees as required by law will be provided to this court upon the filing of any future appeals in the Tenth Circuit