**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES JOHN McCARTY,

      Plaintiff-Appellant,

v.

MARGARET GALLANT, Medical
Records Director, Wexford Health
Services; JUDY UPHOFF, in her
official capacity as Director, Wyoming
Department of Corrections,

      Defendants-Appellees.

No. 97-8002
(D.C. No. 96-CV-118)
(D. Wyo.)

## ORDER AND JUDGMENT[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On June 6, 1996, Mr. Charles John McCarty filed this *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, against Ms. Margaret Gallant, the Medical Records Director for Wexford Health Services at the Wyoming State Penitentiary in Rawlins, Wyoming. Mr. McCarty alleged he was subjected to cruel and unusual punishment in violation of his Eighth Amendment right because Ms. Gallant canceled his surgical appointments at the Veterans Administration Hospital in Cheyenne, Wyoming (VA Hospital) and falsified the doctor's orders concerning those appointments. On September 26, 1996, Mr. McCarty amended his complaint to add defendant Judith Uphoff, Director of the Wyoming Department of Corrections, and allegations he was being denied medical treatment. Mr. McCarty alleged Ms. Uphoff violated his constitutional right to be free from cruel and unusual punishment by refusing to allow him to receive medical treatment from the VA Hospital.

On December 18, 1996, the district court dismissed Mr. McCarty's complaint as frivolous and for failure to state a claim upon which relief can be granted. The district court found Mr. McCarty "fail[ed] to present any facts to establish cruel and unusual punishment" and that his claims were "clearly baseless."

On appeal, Mr. McCarty contends: the district court erred in dismissing his complaint;[1] the district court held him to a higher standard of performance than allowed for *pro se* plaintiffs; and the district court's *sua sponte* dismissal of his complaint denied him his right to redress, right to a fair trial, right to be heard, and right to due process.[2]

Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss an *in forma pauperis* action as frivolous if the claim is based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions.[3] *Schlicher*

---

[1] In his statement of issues, Mr. McCarty alleges the district court usurped the jury's fact-finding role in determining he did not establish the requisite culpable state of mind of the defendants (Brief of Aplt. at iv); however, the district court made no such finding. (*See* ROA, Vol. 1, Tab 20.) To state a claim for cruel and unusual punishment, a plaintiff must allege facts showing prison officials were deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Ramos v. Lamon*, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). The district court found Mr. McCarty failed to make any allegations showing deliberate indifference on the part of the defendants. (*Id.* at 3.) Finding a plaintiff failed to make any allegations on an issue does not equate to a finding on the issue itself.

[2] To the extent Mr. McCarty contends he was denied due process of law in the handling of his grievances, Mr. McCarty raises a new issue on appeal, which will not be considered by this court. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (as a general rule, this court will not consider an issue on appeal that was not raised in the district court).

[3] The district court did not specify whether it dismissed Mr. McCarty's complaint pursuant to § 1915(e)(2)(B). However, for the purposes of this appeal,

*v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997).  *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  We review the dismissal of a complaint as frivolous under § 1915(e)(2)(B) for abuse of discretion.  *Schlicher*, 111 F.3d at 779.[4]

After review of the record, we hold the district court did not abuse its discretion in dismissing Mr. McCarty's complaint as frivolous.[5]  We agree with the district court's well-reasoned December 18, 1996 order.  Because we agree with the district court that Mr. McCarty's complaint was frivolous, his arguments that the district court denied him his right to a fair trial, right to redress, right to

---

we assume it did since the court can think of no other provision at this time that permits *sua sponte* dismissal as frivolous.

[4] As an aside, we note an interesting anomaly.  In *Schlicher*, we stated dismissal as frivolous pursuant to § 1915(e)(2)(B)(i) is reviewed for abuse of discretion.  However, in *Kidd v. Taos Ski Valley, Inc.*, 88 F.3d 848, 854 (10th Cir. 1996), and *Maez v. Mountain Tel. & Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995), we stated dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is reviewed *de novo*.  We have not yet determined whether dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is reviewed for abuse of discretion, similar to other subsections of § 1915, or *de novo*, similar to the same standard as a Rule 12(b)(6) "failure to state a claim."  This is an interesting question, which we reserve for another day.

[5] Since we find the district court properly dismissed Mr. McCarty's complaint as frivolous, we do not reach the district court's dismissal for failure to state a claim.  *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (this court may affirm on any grounds supported by the record).

be heard and right to due process are wholly without merit. Additionally, although Mr. McCarty is correct that the courts must construe *pro se* pleadings more liberally than non-*pro se* pleadings, there is nothing in the district court's order or in the record to support Mr. McCarty's allegation the district court failed to liberally construe his *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (we are obliged to construe *pro se* pleadings liberally).

Consequently, we conclude Mr. McCarty's appeal is frivolous within the meaning of § 1915(e)(2)(B)(i) and **DISMISS** the appeal. Because this appeal is dismissed as frivolous pursuant to § 1915(e)(2)(B)(i), this appeal counts as a "prior occasion" under 28 U.S.C. § 1915(g).

In addition, Mr. McCarty's Notice of Defendant's Failure to Provide Brief requesting this court to impose sanctions on defendants/appellees for failure to file a reply brief is **DENIED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge
