**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHESTER C. LYONS,

    Plaintiff-Appellant,

v.

JAMES SAFFLES; LARRY FIELDS,
Director of Department of Corrections;
RON WARD, Warden of O.S.P.;
DELORES RAMSEY, also known as
Delose Ramsy, Deputy Director of
D.O.C.; MICHAEL CODY, also
known as Michell Cody, Warden,
Warden of Lexington Correctional
Center; ERICKA DUNN, Unit
Manager of Lexington Correctional
Center; ED MADDEN, Case Manager
L.C.C.; BOBBY BOONE, Warden,
Mack Alford Correctional Center; JIM
WALLACE, Unit Manager at MACC;
RON CHAMPION, Warden at Dick
Connors Correctional Center (DCCC);
TIM POZVIC, Unit Manager at
DCCC; ANITA VOOTEN, Case
Manager at DCCC,

    Defendants-Appellees.

No. 97-7031
(D.C. No. CV-95-190-B)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the

(continued...)

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Chester Lyons, an inmate proceeding pro se, brought this 42 U.S.C. § 1983 action, alleging constitutional violations during his incarceration. The district court dismissed the action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). On appeal, Lyons contends prison officials violated his due process and Eighth Amendment rights by reclassifying him at a different security level and transferring him to a different correctional facility, and that his reclassification resulted in ex post facto punishment.

As a general rule, a prisoner has no legally protected property or liberty interest in a particular security classification or the location of confinement. See Sandin v. Conner, 515 U.S. 472 (1995). Due process rights of prisoners are subject to reasonable limitations or restrictions in light of legitimate security

---

*(...continued)
citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

concerns.  Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir. 1996).

"Under § 1915(d), a district court may dismiss an in forma pauperis action as frivolous if the 'claim [is] based on an indisputably meritless legal theory' or if it is founded on 'clearly baseless' factual contentions."  Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  We review the district court's § 1915(d) order of dismissal for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 33 (1992), and affirm for substantially the same reasons set forth in its order dated January 7, 1996.

AFFIRMED.  This appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge