**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BRIAN C. FORISSO,

    Plaintiff-Appellant,

v.

GARY JOHNSON; DONNA WILPOT;
TIM LEMASTER; EILENE WOODS;
PHILIP MORES,

    Defendants-Appellees.

Case No. 97-2228
(D.C. CIV-97-289-MV)
(District of New Mexico)

---

ORDER AND JUDGMENT[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Brain C. Forisso was, at the time he brought this action, a prisoner in New Mexico state prison, and he alleged violations of his rights under several constitutional amendments because of: (1) an alleged conspiracy by corrections officials; (2) "freezing" his prison account; (3) threat of retaliation because of this lawsuit; and (4) conditions during a "lock down" of his prison, including (a) no evacuation during a fire, (b) inadequate food rations, (c) cold temperatures without adequate clothing, and, somewhat paradoxically, (d) "no ventilation" and (e) "no windows" in the cells to keep out the cold, see Rec. vol. I, doc. 8, at 3.[1] Mr. Forisso appeals[2] from the district court's sua sponte order dismissing his pro se 28 U.S.C. § 1983 complaint with prejudice under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6).

---

[1] Mr. Forisso also makes the following claim, not addressed by the district court: "In January of 97 I arrived at PNM-M . . . [and] I was given 8 pts. and was suppose [sic.] to go to a minimum security, but P. Mares lied about jurisdiction and kept me in a Level 4 PNM-M." Rec. vol. I, doc. 8, at 3. While we could hazard a guess at what Mr. Forisso means by this language, the rule of liberal construction regarding pro se pleadings does not require us to engage in speculation or conjecture, see Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) ("This court . . . will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."), and we decline to do so.

[2] We note that Mr. Forisso has been assessed fees in accordance with 28 U.S.C. § 1915(b) but has yet to make any payments. Although our normal procedure would be to issue a show cause order, in late September we received notice that Mr. Forisso had a balance of zero in his prison account. Because Mr. Forisso has a history of a zero account balance, we will not issue the show cause order but simply note that Mr. Forisso remains obligated to pay the filing fee in full if and when he receives any money in his prison account.

We review a 12(b)(6) dismissal de novo, see Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997), and a § 1915(e)(2) dismissal for abuse of discretion, see Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (applying abuse of discretion standard to review a dismissal under § 1915(d), the precursor to § 1915(e)(2)). Because the district court did not make clear whether its ultimate decision to dismiss the case was under Rule 12(b)(6) or § 1915(e)(2), we will apply the de novo standard more favorable to Mr. Forisso.

After a de novo review of the record, we conclude that the district court thoroughly deciphered and enumerated Mr. Forisso's claims, appropriately construed Mr. Forisso's complaint liberally, applied the relevant law, and correctly concluded that Mr. Forisso's claims are "utterly unsupported" by factual allegations or legal precedent and should be dismissed. Therefore, we affirm for substantially the same reasons stated in the district court's memorandum opinion. As the district court noted, "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." See Rec. vol. I, doc. 21, at 3 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) and Rhodes v. Chapman, 452 U.S. 337, 349, 347 (1981)).

3

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge

4