956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William F. SCHLICHER, Plaintiff-Appellant,
v.
R.L. SMITH, in his individual, combined & several capacity;
John C. Callison, in his individual, combined & several
capacity; Steven J. Davies, in his individual, combined &
several capacity, Defendants-Appellees.
 No. 91-3213.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on plaintiff-appellant William F. Schlicher's motion for leave to proceed on appeal without prepayment of costs or fees. To succeed he must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962).
 
 
 2
 Plaintiff seeks review of the denial of a temporary restraining order that he sought to prevent prison officials from carrying out a mandate which he says was "announced" March 28, 1991, and "implemented" April 15, 1991, to seize and destroy legal materials in plaintiff's cell in excess of what would fit in one shoebox (apparently in connection with a move of plaintiff to another cell within the prison). Plaintiff asserts that unnamed prison officials in the past destroyed some of his legal materials, and he fears that the defendant prison officials will destroy many of the legal materials he now has to support several ongoing cases, because their volume exceeds the allowance under the one-shoebox order.
 
 
 3
 The district court found that plaintiff did not meet the requirements for the issuance of a temporary restraining order set forth in Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980), and it denied relief. We note that the alleged order of which plaintiff complains is not contained anywhere in the materials submitted to the court; the district court and this court have only plaintiff's contention that it exists. The record does contain an affidavit of another prisoner indicating that a guard was overheard expressing an interest in destroying some of plaintiff's legal materials. We note the lack of proof of any order limiting a prisoner's legal materials as plaintiff contends, and that the time when plaintiff said it was implemented has long since passed. Therefore, we must agree with the district court that plaintiff has not made out a claim entitling him to a temporary restraining order or injunction.
 
 
 4
 We conclude that plaintiff-appellant can make no rational argument on the law or facts in support of the issues raised on appeal, as required to be permitted to proceed without prepayment of costs or fees. The motion is denied. The appeal is DISMISSED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3