991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William Frank SCHLICHER, Plaintiff-Appellant,
v.
Lee GIBBENS; Madden, Unit Team Leader; Tinder, Unit Team
Leader; Raymond Roberts; R.L. Smith; Wayne
Shipman, Defendants-Appellees.
 No. 92-3087.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before McKAY, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff William F. Schlicher, representing himself, is an inmate in the custody of the Secretary of the Kansas Department of Corrections. In June 1989, two baseball caps were removed from plaintiff's maximum custody cell and destroyed as contraband. Plaintiff filed a property claim, which was denied for the reason that the caps were not authorized property in maximum custody. Plaintiff then unsuccessfully sought relief through the administrative grievance process.
 
 
 3
 Plaintiff then initiated this action under 42 U.S.C. § 1983, seeking damages for the confiscation and destruction of his two baseball caps by defendants. The district court granted summary judgment in favor of defendants in a memorandum and order entered on February 25, 1992. Plaintiff appeals. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 We review the grant of summary judgment de novo, using the same standard as the district court. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 5
 The district court determined that, because an alternative state remedy was available to him, plaintiff has no federal cause of action under 42 U.S.C. § 1983 for the destruction of his baseball caps. We have considered plaintiff's arguments on appeal and have reviewed the record carefully. Plaintiff has failed to demonstrate a genuine issue of material fact exists to be tried. Therefore, the district court correctly granted summary judgment to defendants, and we affirm for substantially the same reasons set forth in the district court's thorough memorandum and order, entered February 25, 1992, a copy of which is attached.
 
 
 6
 Plaintiff also asks this court to impose a sanction against defendants for their dilatoriness in filing a responsive brief in this court. We find no merit to plaintiff's argument.
 
 
 7
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 9
 ATTACHMENT.
 
 
 10
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
 
 
 11
 WILLIAM FRANK SCHLICHER, Plaintiff,
 
 
 12
 v.
 
 
 13
 LEE GIBBENS, et al., Defendants.
 
 CASE NO. 90-3514-S
 MEMORANDUM AND ORDER
 
 14
 This matter is before the court on a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Secretary of the Kansas Department of Corrections, contends the named defendants in this matter, corrections officials at the Lansing Correctional Facility, Lansing, Kansas, conspired to deprive him of due process, stole personal property from his cell, and violated his rights secured by the First, Fifth, Eighth, and Fourteenth Amendments.
 
 
 15
 The incidents leading to this action are uncomplicated. In June 1989, two baseball caps were removed from plaintiff's cell and destroyed as contraband. Plaintiff filed a property claim, which was denied with an explanation that the caps were not within property authorized in maximum custody. Plaintiff then unsuccessfully pursued relief through the administrative grievance process.
 
 
 16
 In this action, plaintiff alleges that rules were changed after the confiscation of his caps, that he was never issued a disciplinary report regarding the alleged contraband, and that the defendants conspired to seize and destroy the caps in violation of official rules. Plaintiff seeks damages of $1,000.00 from each defendant, a contempt citation against each, and other relief.
 
 
 17
 Having examined the record, the court finds plaintiff has no federal claim actionable under § 1983. This statute, which provides a remedy for violation of the Constitution and federal statutory rights, does not supply a cause of action where an alternative state remedy provides due process. See Hudson v. Palmer, 468 U.S. 517 (1984) (intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy available); Parratt v. Taylor, 451 U.S. 527 (1981) (existence of state tort claims process provided due process; inmate could not present claim against warden under § 1983). Here, plaintiff clearly had an alternative state remedy: he presented both a property claim and an administrative grievance. The fact that plaintiff did not receive relief through these avenues does not entitle him to present his claim under § 1983.
 
 
 18
 The court further finds no basis for granting plaintiff relief under the First or Eighth Amendments. It is clear from the record that the institution's general orders at the time of the seizure of plaintiff's caps did not require officials to issue a receipt for contraband (Martinez report, Ex. 2), nor did the applicable Kansas Department of Corrections Internal Management Policy and Procedure specifically authorize baseball caps as personal property (Martinez report, Ex. 10). Finally, the forfeiture in question is authorized by Kansas Administrative Regulation 44-5-111. Nothing in these circumstances supports plaintiff's claims of violations of his constitutional rights.
 
 
 19
 IT IS THEREFORE ORDERED this action is hereby dismissed and all relief denied.
 
 
 20
 The clerk of the court is directed to transmit copies of this order to plaintiff and to counsel for defendants.
 
 
 21
 DATED: This 25 day of February, 1992 at Topeka, Kansas.
 
 
 22
 /s/DALE E. SAFFELS
 
 United States District Judge
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3