**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

WILLIAM F. SCHLICHER,

        Plaintiff-Appellant,

v.

DON THOMAS, JERRY GREEN,
ROBERT HENDRICKS and
R.L. SMITH,

        Defendants-Appellees.

No. 95-3402

WILLIAM F. SCHLICHER,

        Plaintiff-Appellant,

v.

JULIE L. RIDDLE and DON
THOMAS, and any others whom
become exposed or revealed as
support/aiders/abettors, in their
individual selves, combined and
conspired,

        Defendants-Appellees.

No. 96-3003

WILLIAM F. SCHLICHER,

      Plaintiff-Appellant,

v.

LORI E. REEVES, JULIE L.
RIDDLE, JOHN J. KNOLL, LONNIE
KOCH, Officer; GARY
COMSTOCK, Officer; JACK HIRES,
ROGER PARKER, Officer Major;
L.M. LEISING, R. VOGSBURG,
MIKE NELSON and WILLIAM L.
CUMMINGS,

      Defendants-Appellees.

No. 96-3399

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. Nos. 92-CV-3498, 95-CV-3468, and 94-CV-3150)

---

Submitted on the briefs:

William F. Schlicher, pro se.

Lawrence J. Logback and James W. Coder, Office of the Kansas Attorney
General, Topeka, Kansas, for Defendants-Appellees.[*]

---

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

---

BALDOCK, Circuit Judge.

---

[*]    Counsel for defendants-appellees have waived the filing of briefs.

Plaintiff-Appellant William F. Schlicher, a Kansas state prisoner proceeding pro se and in forma pauperis,[1] appeals from the district court's entry of dispositive orders in these 42 U.S.C. § 1983 actions filed against employees and officials of the Kansas Department of Corrections (DOC) and the Office of the Attorney General. We exercise jurisdiction under 28 U.S.C. § 1291, consolidate the appeals under Fed. R. App. P. 3(b), and affirm.[2] Additionally, we announce restrictions on Mr. Schlicher's future filings based on his history of repetitive, frivolous, and malicious filings.

---

[1] Mr. Schlicher filed his notice of appeal in case No. 95-3402 and case No. 96-3003 before the April 26, 1996, enactment of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321. The amended standard for granting in forma pauperis status under 28 U.S.C. § 1915 does not apply to these cases. See White v. Gregory, 87 F.3d 429, 430 (10th Cir), cert. denied, 117 S. Ct. 528 (1996). In case No. 96-3003, filed after the PLRA enactment date, the district court granted Mr. Schlicher leave to proceed in forma pauperis on appeal. We do not reopen that determination. However, we note that Mr. Schlicher is required to comply with the filing fee requirements of § 1915(b), as amended by the PLRA.

[2] After examining the briefs filed by Mr. Schlicher and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

## I.  Schlicher v. Thomas, No. 95-3402

Mr. Schlicher brought this action alleging that defendants-appellees (officials and employees of the Kansas Department of Corrections (DOC)), violated his due process and equal protection rights by denying him permission to purchase a typewriter with memory features.  To ascertain the adequacy of the factual and legal basis for Mr. Schlicher's claims, the district court ordered a report and a supplemental report pursuant to Martinez v. Aaron, 570 F.2d 317, 319-20 (10th Cir. 1978).[3]  After considering the report, the court determined that Mr. Schlicher's claims were clearly baseless and dismissed the case under the former 28 U.S.C. § 1915(d) (now codified at 28 U.S.C. § 1915(e)(2)(B)(i)).

Under § 1915(d), a district court may dismiss an in forma pauperis action as frivolous if the "claim [is] based on an indisputably meritless legal theory" or if it is founded on "clearly baseless" factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Consideration of a Martinez report may enter into the determination.  See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

---

[3]     Initially, the district court had dismissed the complaint without the benefit of a Martinez report.  We reversed and remanded with instructions to develop a record sufficient for an evaluation under 28 U.S.C. § 1915(d).  Schlicher v. Thomas, Nos. 93-3062, 92-3498, 1993 WL 207445 (10th Cir. June 10, 1993).

We review the § 1915(d) dismissal of this action for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 33 (1992), and affirm substantially for the reasons set forth in the district court's memorandum and order of May 2, 1995.

## II.  Schlicher v. Riddle, No. 96-3003

In this case, Mr. Schlicher alleged that defendants-appellees, who were attorneys in the office of the attorney general, were liable to him for participating in a conspiracy involving the submission of a fraudulent Martinez report in case No. 95-3402.  The district court characterized Mr. Schlicher's unsupported allegations as abusive and malicious, then dismissed the complaint under § 1915(d).  See Hall, 935 F.2d at 1108.  We agree with the ruling of the district court.  On its face, the claim was frivolous and malicious.  Summary dismissal was the proper disposition of the matter.

## III.  Schlicher v. Reeves, No. 96-3399

Mr. Schlicher filed this action alleging violations of his constitutional and statutory rights in connection with the results of DOC disciplinary proceedings. Defendants-appellees, DOC employees and attorneys in the Office of the Attorney General, filed an answer which incorporated a motion to dismiss and a Martinez report.  The district court gave notice to the parties that it would treat defendants' motion to dismiss as a motion for summary judgment.  See Fed. R. Civ. P. 12(b). The court specifically advised Mr. Schlicher that a response under oath was

necessary, <u>see</u> Fed. R. Civ. P. 56(e), and alerted him to the fact that he could not rest upon mere allegations without risking entry of summary judgment, <u>see</u> <u>id.</u> Mr. Schlicher's responsive filing failed to meet the standards of Fed. R. Civ. P. 56(e) and the district court entered an order striking the response. Later, the court granted appellees' motion for summary judgment.

We review de novo the district court's grant of summary judgment. <u>Kaul v. Stephan</u>, 83 F.3d 1208, 1212 (10th Cir. 1996). The district court gave the requisite notice to Mr. Schlicher that it was going to treat the motion to dismiss, along with the <u>Martinez</u> report, as a motion for summary judgment. <u>See</u> <u>David v. City & County of Denver</u>, 101 F.3d 1344, 1352 (10th Cir. 1996). Moreover, the court advised Mr. Schlicher of his right to file material responsive to the <u>Martinez</u> report, explained the affidavit requirements of Fed. R. Civ. P. 56(e), and warned that failure to make a satisfactory response could result in entry of summary judgment. <u>See</u> <u>Hall</u>, 935 F.2d at 1111.

Mr. Schlicher chose to ignore the district court's directives.[4] As a consequence, the record contained no evidence of a genuine issue of a material fact. We affirm the district court's entry of summary judgment.

IV. Sanctions

---

[4] We note that, like Mr. Schlicher's filings in the district court, his appellate brief is filled with invective, but bereft of factual analysis or legal argument.

In the past, we have permitted Mr. Schlicher to proceed in forma pauperis and have construed his filings liberally, in deference to his status as a pro se litigant. See Hall, 935 F.2d at 1110. A review of his filing history reveals the extent to which he abused these privileges. Since 1989, Mr. Schlicher has filed thirty-three appeals and original proceedings in this court.[5] Most were summarily

[5] In addition to the appeals addressed in this opinion, Mr. Schlicher has filed the following matters: Schlicher v. Munoz, No. 90-3064 (10th Cir. May 30, 1990) (terminated on the merits); Schlicher v. Young, No. 90-3065 (10th Cir. May 30, 1990) (terminated on the merits); Schlicher v. Davies, No. 89-3336 (10th Cir. June 12, 1990) (dismissed as frivolous); Schlicher v. Davies, No. 89-3325 (10th Cir. June 12, 1990) (dismissed as frivolous); Schlicher v. United States Dist. Ct., No. 90-601 (10th Cir. Feb. 25, 1991) (procedurally terminated); Schlicher v. Roberts, No. 91-3046 (10th Cir. June 3, 1991) (dismissed); Schlicher v. Roberts, No. 91-3081, 1991 WL 94453 (10th Cir. June 3, 1991) (dismissed as frivolous ); Schlicher v. Smith, No. 91-3213, 1992 WL 19887 (10th Cir. Feb. 5, 1992) (dismissed); Schlicher v. United States Dist. Ct., No. 92-533 (10th Cir. May 1, 1992) (petition for mandamus denied); Schlicher v. United States Dist. Ct., No. 92-537 (10th Cir. May 1, 1992) (petition for mandamus denied); Schlicher v. Davies, No. 92-3143 (10th Cir. June 17, 1992) (procedurally terminated); Schlicher v. Hendrick, No. 92-3229, 1992 WL 372577 (10th Cir. Dec. 15, 1992) (dismissed); Schlicher v. Gibbens, No. 92-3087, 1993 WL 125407 (10th Cir. Apr. 20, 1993) (affirmed); Schlicher v. Furgason, No. 93-3041, 1993 WL 152659 (10th Cir. May 11, 1993) (affirming district court's dismissal of action as frivolous); Schlicher v. Thomas, No. 93-3062, 1993 WL 207445 (10th Cir. June 10, 1993) (earlier appeal in No. 95-3042, reversed and remanded for development of record); Schlicher v. Saffels, No. 93-591 (10th Cir. Aug. 17, 1993) (petition for mandamus denied); Schlicher v. Saffels, No. 93-613 (10th Cir. Sept. 8, 1993) (petition for mandamus procedurally terminated); Schlicher v. Saffels, No. 93-614 (10th Cir. Sept. 8, 1993) (petition for mandamus procedurally terminated); Tucker v. Maschner, No. 91-3363, 1994 WL 123241 (10th Cir. Apr. 11, 1994) (affirmed); Schlicher v. Saffels, No. 94-595 (10th Cir. Aug. 25, 1994) (petition for mandamus denied); Schlicher v. Saffels, No. 94-597 (10th Cir. Aug. 25, 1994) (petition for mandamus denied); Schlicher v. Saffels, No. 94-604 (10th Cir. Aug. 25, 1994)
(continued...)

terminated or dismissed.[6]  Five of these matters were dismissed as frivolous; one

with a warning that filing "any additional frivolous petitions or appeals will result

in the imposition of sanctions," <u>Schlicher v. Saffels</u>, No. 94-604.

Accordingly, we have determined to call a halt to Mr. Schlicher's wasteful

abuse of judicial resources.  Mr. Schlicher's future filings are restricted in two

ways: (A) by operation of 28 U.S.C. § 1915(g), a provision of the PLRA; and

(B) by an exercise of our "inherent power to enter orders 'necessary or

appropriate' in aid of our jurisdiction," <u>see</u> <u>Winslow v. Hunter (In re Winslow)</u>,

17 F.3d 314, 315 (10th Cir. 1994) (quoting 28 U.S.C. § 1651).

A.     Section 1915(g)

Section 1915(g) provides that a prisoner may not

---

[5](...continued)
(petition for mandamus denied, with warning of possibility of sanctions for
additional frivolous filings); <u>Schlicher v. Smith</u>, No. 94-3265 (10th Cir. Nov. 4,
1994) (procedurally terminated); <u>Schlicher v. Smith</u>, No. 94-3336, 1995 WL
221492 (10th Cir. Apr. 13, 1995) (affirmed); <u>Schlicher v. Martin</u>, No. 95-3118,
1996 WL 41848 (10th Cir. Feb. 2, 1996) (affirmed); <u>Schlicher v. Reeves</u>, No. 96-
606 (10th Cir. Mar. 1, 1996) (petition for mandamus denied); <u>Schlicher v. Reeves</u>
No. 96-3073 (10th Cir. Aug. 15, 1996) (procedurally terminated); <u>Schlicher v.
Peters</u>, 103 F.3d 940 (10th Cir. 1996) (affirmed); <u>Schlicher v. Wasinger</u>, No. 96-
3300 (10th Cir. Feb. 5, 1997) (procedurally terminated); <u>Tucker v. Graves</u>, No.
96-3015, 1997 WL 100884 (10th Cir. Mar. 6, 1997) (affirmed).

[6]     He has prevailed on appeal in only one matter.  As previously noted,
<u>Schlicher v. Thomas</u>, No. 93-3062, was initially reversed and remanded for
development of the record.

bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The provision applies to mandamus proceedings, Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996), and to appeals that were dismissed prior to enactment of the PLRA, id. at 420.

Under § 1915(g), Mr. Schlicher is barred from proceeding in forma pauperis in the future. We therefore direct the clerk of this court not to accept from Mr. Schlicher any further appeals of judgments in civil actions or proceedings or any extraordinary writs in noncriminal matters, unless he pays the filing fees established by our rules. This directive does not apply to appeals or petitions claiming that Mr. Schlicher is under imminent danger of serious physical injury.

B.     Inherent power of this court

In cases other than those in which imminent danger of serious physical injury is alleged, we further restrict Mr. Schlicher's filing privileges through an exercise of  "our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction." Winslow, 17 F.3d at 315 (citing 28 U.S.C. § 1651); see also Werner v. State of Utah, 32 F.3d 1446, 1448 (10th Cir. 1994). The "'right of

-9-

access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" Winslow, 17 F.3d at 315 (quoting Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989) (further citation omitted). If a party "'has engaged in a pattern of litigation activity which is manifestly abusive,' restrictions are appropriate." Winslow, 17 F.3d at 315 (quoting Johnson v. Cowley, 872 F.2d 342, 344 (10th Cir. 1989)).

Mr. Schlicher's filings have been repetitive, frivolous, and malicious. We therefore impose additional restrictions on his filings in this court, whether or not he pays a full filing fee. Mr. Schlicher is enjoined from proceeding as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se. To do so, he must take the following steps:

1.      File a petition with the clerk of this court requesting leave to file a pro se action;

2.      Include in the petition the following information:

a.      A list of all lawsuits currently pending or filed previously with this court including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding;

b. A list apprising this court of all outstanding injunctions or orders limiting his access to federal court, including orders and injunctions requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders and injunctions;

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues which he seeks to present, including a short description of the legal basis asserted for modifying the lower court decision, and describing with particularity the order or ruling being challenged. The affidavit must also certify, to the best of his knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, that the appeal is not interposed for any improper purpose, and that he will comply with all appellate and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the chief judge for review to determine whether to permit a pro se original proceeding or appeal. Without the chief judge's approval, the matter will be dismissed. If the chief judge approves the filing, an order shall be entered indicating that the appeal or original proceeding shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules. If, at any

time Mr. Schlicher submits any filing to this court that contains abusive language, the clerk shall immediately return those papers unfiled to Mr. Schlicher.

Mr. Schlicher shall have twenty days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If he does not file objections the sanctions shall take effect thirty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If Mr. Schlicher does file timely objections, these sanctions shall not take effect until after this court has ruled on those objections.

## V. Conclusion

The judgments of the United States District Court for the District of Kansas are AFFIRMED.