**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARRYL J. SMITH,

　　　　Plaintiff-Appellant,

v.

JOEL KNOWLES, Warden, USP;
TERRY FINNEGAN, USP Florence,
Hospital Administrator; DAVID
REITER, Assistant Hospital
Administrator; ROBERT WILLIAMS,
DR., DIRECTOR OF MEDICAL
SERVICES; T. GARCIA, Physician
Assistant; V. HERNANDEZ,
Physician Assistant; USA; JOHN
ASHCROFT, Attorney General;    *
KATHLEEN HAWK, Director of the
BOP; THE DISTRICT OF
COLUMBIA; D.C.
DEPARTMENT OF CORRECTIONS;
MARGARRETT MOORE, Director;
VINCENT GIBBONS, Warden of
Central Facility, P.O. Box 25,
Lorton, Virginia 22199,

　　　　Defendants - Appellees.

No. 00-1013
(D.C. No. 99-Z-2107)
(D. Colo.)

---

**ORDER AND JUDGMENT**    **

---

*    Pursuant to Fed. R. App. P. 43(c)(2), John Ashcroft is substituted for Janet
Reno, Attorney General, as a defendant in this action.

**    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court

(continued...)

Before **BRORBY, PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Darryl J. Smith, a federal prisoner proceeding pro se, appeals the district court's December 14, 1999 order dismissing his civil rights case without prejudice for failing to produce his prison account records to support his application to proceed in forma pauperis.  He claims he paid the filing fee of $150.00 to the District of Columbia District Court before the case was transferred from that court to the District of Colorado.  Accordingly, he argues, he was not required to submit his prison account statement.  He seeks to have his case reinstated in the district court.

The court records reflect that Mr. Smith paid the filing fee to the District of Columbia District Court, but that court did not forward the payment to the District of Colorado until after the case had been dismissed.  By the time the funds were

**(...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

received in Colorado, this appeal had been filed, so they were treated as the filing fee for the appeal. The appellate filing fee was $105.00; therefore, $45.00 was returned to Mr. Smith on May 9, 2000.

We review for an abuse of discretion the district court's decision to dismiss the complaint without prejudice for failure to provide prison account statements, as required by 28 U.S.C. § 1915(a)(2). Cf. Denton v. Hernandez, 504 U.S. 25, 33 (1992) (dismissal of frivolous action reviewed for abuse of discretion); Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (same). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998).

Because the district court was unaware of the filing fee paid to the District of Columbia District Court, the order to dismiss the complaint was entered on incorrect information. An abuse of discretion occurred because the court based its dismissal order on this error of fact. Accordingly, the case is remanded for reinstatement of the complaint on the condition that Mr. Smith resubmit the remainder of the district court filing fee of $45.00 to the Colorado District Court. The amount of $105.00 that was treated as the filing fee for this appeal shall be applied to the district court filing fee. Under the circumstances, the filing fee for this appeal is waived.

Mr. Smith filed a letter requesting that his file be transferred back to the district court under a new judge, which we construe as a motion to recuse. The motion to recuse is denied.    See 28 U.S.C. § 455.

The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED for further proceedings as indicated above. The filing fee for this appeal is waived. The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Circuit Judge