**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES J. RILEY,

      Plaintiff - Appellant,

v.

LEROY YOWELL, Sheriff; GARY
ENSIGN, Marshall,

      Defendants - Appellees.

Nos. 01-1297 and 01-1378
(D.C. No. 01-Z-629)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Appellant James Riley, a state prisoner proceeding pro se, filed a complaint

pursuant to 42 U.S.C. § 1983 against Sheriff Leroy Yowell and Marshal Gary

Ensign, seeking monetary damages. In his original complaint, Mr. Riley alleged

various constitutional violations stemming from a search of his house and his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

subsequent incarceration. The district court dismissed the claims as legally frivolous under 28 U.S.C. 1915(e)(2)(B). Mr. Riley filed a motion to reconsider, which the district court denied. He then filed two nearly identical appeals, 01-1297 and 01-1378, which we consolidated. On appeal he claims (1) that the statute under which he was convicted did not apply to him, and (2) that his due process rights were violated when a county sheriff prohibited Riley from writing bail bonds in Lincoln County. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part.

According to the complaint, Mr. Riley was convicted of mail fraud in 1970. In May 1997, a warrant was executed for the search and seizure of child pornography inside his residence. During the course of the search, officers discovered a .22 caliber pistol. Mr. Riley was arrested, charged and convicted of possession of a weapon by a previous offender. Mr. Riley is incarcerated in the Arkansas Valley Correctional Facility in the town of Crowley, located in Crowley County, Colorado. He claims to possess a valid license to act as a bail bond agent within the state of Colorado.

For the first time on appeal, Mr. Riley claims that he was "falsely arrested" and wrongly convicted under Colo. Rev. Stat. § 18-12-108. This matter was not raised in Riley's complaint and was not before the district court. Moreover, Mr. Riley may not claim damages on this basis absent a showing "that the conviction

or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v Humphrey, 512 U.S. 477, 486-87 (1994).

Even if this argument were not otherwise barred, it would fail for lack of merit. Mr. Riley claims he was entitled to possess a firearm because, despite a previous felony conviction, he has never "been accused of being violent or dangerous." Furthermore, he claims that since over ten years elapsed between his original felony conviction and the possession charge, he no longer fell within the ambit of § 18-12-108. Mr. Riley is wrong on both counts. In its current incarnation, the Colorado statute under which Riley was convicted uniformly prohibits possession of a weapon by a felon, without regard to past dangerousness or violence. Furthermore, the statute does not contemplate a window of time after which a convicted felon may once again freely possess a weapon. See Colo. Rev. Stat. § 18-12-108.

In his second claim on appeal, Mr. Riley alleges that Sheriff Leroy Yowell does not allow him to write bail bonds in Lincoln County. We review for abuse of discretion the dismissal of a frivolous appeal under 28 U.S.C. 1915(e)(2)(B)(i). Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997). Analysis of a procedural due process claim under § 1983 involves a two-part inquiry: (1)

whether the state has interfered with an inmate's protected liberty or property interest, and (2) whether procedural safeguards are constitutionally sufficient to protect against unjustified deprivations. See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989). In the first part of the inquiry, Riley must identify a protected life, liberty, or property interest and then prove that the governmental action resulted in a deprivation of that interest. Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ., 232 F.3d 1334, 1341 (10th Cir. 2000). The Colorado Supreme Court has determined that notwithstanding a state statutory right to a hearing in cases where a license is denied, suspended, revoked or not renewed, Colo. Rev. Stat, § 12-7-107(k)(2), a licensee has no property interest in the periodic renewal of a bail bond license. Ficarra v. Dep't of Regulatory Agencies, Div. of Ins., 849 P.2d 6, 20-21 (Colo. 1993). Even assuming that Mr. Riley had a legitimate claim of entitlement to the license while in effect, the district court reasoned that no property interest had been infringed because the license had not been suspended or revoked. According to the district court, Mr. Riley was required to show a legitimate claim of entitlement to write bail bonds in Lincoln County. R. Doc. 5 at 3. We think this analysis parses too fine–it is a distinction without a difference given a uniform state system of licensing that allows a licensee to write bail bonds statewide during the periodic term of the license.

To be sure, Mr. Riley does not have a cognizable claim relating to events after his present conviction, given Colorado law governing the issuance and revocation of licenses for bail bond agents. Colorado state law commands that the Insurance Division "shall suspend or revoke, as may be appropriate," the license of anyone convicted of a felony within the last ten years, as well as anyone serving a sentence.[1] See Colo. Rev. Stat. § 12-7-106 (1)(e) & (f). Mr. Riley was convicted within the past ten years of possession of a weapon by a previous offender, which is a felony offense under Colo Rev. Stat. § 18-12-108, and is now serving his sentence. Construing the complaint liberally, however, Mr. Riley is alleging that despite a valid license, he was unable to write bail bonds in Lincoln County from March 29, 1997, until the date of his conviction. While there may be defenses that can be raised, we think that the district court was incorrect to dismiss this claim as legally frivolous prior to service and a responsive pleading.

Though not apparent on the face of the appeal, we assume that Mr. Riley also appeals the denial of his motion for reconsideration of his original claim. In

---

[1] Colo. Rev. Stat. § 12 - 7 -106 (1)(e), reads as follows:

> (1) The division shall deny, suspend, revoke, or refuse to renew, as may be appropriate, the license of any person engaged in the business of bail bonding agent for any of the following reasons:...
> (e) Conviction of a felony within the last ten years, regardless of whether the conviction resulted from conduct in or conduct related to the bail bond business...

light of our disposition and what Mr. Riley raised on appeal, it is unnecessary to address this issue.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge