**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ELMORE MARKS, JR.,

    Plaintiff-Appellant,

v.

KATHLEEN SEBELIUS, Governor for
the State of Kansas; BILL GRAVES, ex
Governor; CHUCK SIMMONS, ex
Secretary of Corrections; JOHN
GRAVES, Hutchinson Correctional
Facility Attorney; ROGER WERHOLTZ,
Present Secretary of Corrections; LOUIS
E. BRUCE, Hutchinson Correctional
Facility Warden under both
administrations; L. ALEXANDER,
Accounting Manager; DAVID R.
McKUNE, Warden for Lansing
Correctional Facility; CARLA
STOVALL, ex Attorney General; PHILL
KLINE, present Attorney General;
LANSING CORRECTIONAL
FACILITY ATTORNEY, under McKune
Administration; PRISON HEALTH
SERVICES, INC.; MIKE NELSON,
Warden El Dorado Correctional Facility,

    Defendants-Appellees.

No. 04-3111

(D.C. No. 03-CV-3471-GTV)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Elmore Marks, Jr., a Kansas state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In his § 1983 complaint, Marks alleged "ongoing conspiracy, and purposeful antisemitic retaliatory animus" for use of the corrections grievance process, racketeering, and confiscation and destruction of legal materials. ROA, Doc. 1. The district court dismissed the complaint as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(c)(2). The court found the complaint "fail[ed] to assert facts which might support a claim for relief," and that plaintiff "failed to identify any conduct by a named defendant which arguably states a constitutional deprivation and instead relies upon bare invective." ROA, Doc. 8 at 4.

the terms and conditions of 10th Cir. R. 36.3.

An action is frivolous under § 1915(e)(2)(B)(i) if "the claim [is] based on an indisputably meritless legal theory or if it is founded on 'clearly baseless' factual contentions." Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (internal quotation omitted). We review the district court's dismissal based on frivolousness for abuse of discretion. Id. Like the district court, we construe pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Applying these standards, and after careful review of the record on appeal and all of Marks' filings with the court, we conclude the district court did not abuse its discretion in determining that Marks failed to identify conduct by the named defendants that constituted a constitutional deprivation.

We DISMISS the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Dismissal of Marks' appeal as frivolous counts as a strike against him, as does the district court's dismissal of his complaint. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). Marks is reminded of his obligation to continue making partial payments of the appellate filing fee until paid in full.

Entered for the Court

MARY BECK BRISCOE
Circuit Judge

3