**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANNY R. FISH,

    Plaintiff - Appellant,

v.

GARY GOLDER, Sterling
Correctional Facility; PAUL KLINE,
Captain, Casemanager III, Sterling
Correctional Facility; J. YATES, LT.,
Classification Chairman, Living Unit
Supervisor; C. THOMAS, LT., Living
Unit 3 Supervisor, Sterling
Correctional Facility,

    Defendants - Appellees.

No. 04-1294
(D. Colorado)
(D.Ct. No. 04-Z-1046)

---

**ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10th Cir. R. 34.1.(G). The case is therefore ordered submitted without oral argument.

Appellant Danny Fish is confined in the custody of the Colorado

Department of Corrections for violating the conditions of his parole. He seeks leave to proceed on appeal *in forma pauperis* (*ifp*). We deny his request.

While detained at the prison facility in Sterling, Colorado, Fish was charged with violating a posted operational rule when he was observed using a "cheat sheet" during a computer class. He was convicted of the offense at an informal hearing and was sanctioned with fourteen days of extra duty and fourteen days of confinement. On May 21, 2004, Fish filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 alleging, *inter alia*, his confinement in a Level V facility and his transfer to a more restricted housing unit within the facility without reclassification violated due process. A short time later, he moved to amend his complaint to add claims under the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796*l*. His motion to amend was granted.

Finding the amended complaint woefully inadequate, the magistrate judge ordered Fish to submit another amended complaint within thirty days that would meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.[1] On the same day, Fish was granted leave to proceed *ifp*. In his third

---

[1]FED. R. CIV. P. 8(a) provides in relevant part:

A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain

and final amended complaint filed on June 21, 2004, Fish abandoned his ADA and Rehabilitation Act claims, returning to his initial theory of recovery—a violation of due process based on his transfer to a higher security unit without reclassification.

On July 6, 2004, the district court dismissed, *sua sponte*, Fish's final complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Schlicher v. Thomas,* 111 F.3d 777, 779 (10th Cir. 1997) (holding that an action is frivolous under § 1915(e)(2)(B)(i) if "the claim [is] based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions") (quotations omitted).  The district court found Fish had not asserted a violation of a constitutional liberty interest pursuant to *Sandin v. Conner*, 515 U.S. 472 (1995).

Thereafter, Fish gave notice of his intent to appeal the district court's dismissal and requested the district court's authorization to proceed *ifp* on appeal. The district court denied his motion pursuant to § 1915(a)(3), finding his "appeal was not taken in good faith because [he had] not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." (Order Denying Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915

statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

and FED. R. APP. P. 24 at 1.) Fish then filed this appeal, again moving to proceed

on appeal *ifp*.

"An appeal may not be taken in forma pauperis if the trial court certifies in

writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Upon

consideration of the briefs, the record on appeal and the applicable law, we conclude

the district court correctly determined that Fish had failed to show the existence of a

reasoned, nonfrivolous argument on the law and facts in support of the issues he

raises on a appeal.[2] Fish's final complaint consists solely of conclusory allegations

and fails to present any legal theory or specific fact that could conceivably amount

to a constitutional violation.[3] Accordingly, we **DENY** his motion to proceed in

forma pauperis on appeal and **ORDER** that he pay the filing fee in full within

twenty days of this order or his appeal will be dismissed.[4]

---

[2]Appellant filed a motion for a default judgment pursuant to Rule 31(C) of the Federal Rules of Appellate Procedure. Rule 31provides an Appellee may move for a default judgment if the Appellant fails to file a timely brief. However, the rule also provides that the consequences of the failure of an Appellee to file a brief is "he will not be heard at oral argument unless the court grants permission." There was no oral argument in this case. Appellant's motion is denied.

[3]On appeal, Fish claims his reclassification has lengthened his parole sentence beyond the limits of Colorado law. Not only is this argument unsupported by fact or law, it is raised for the first time in this Court. We generally do not consider issues raised for the first time on appeal. *Parker v. Scott*, 394 F.3d 1302, 1309 n.1 (10th Cir. 2005).

[4]Section 1915(g) provides that a prisoner may not:

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court's dismissal of Fish's complaint as frivolous counts as one strike against him.