**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JA'WAYNE HELFFERICH,

     Plaintiff – Appellant,

v.

GREGG MARCANTEL; JERRY ROARK;
COLLEEN MCCARNEY; ROBERT
STEWARD; MICHEL HOHMAN;
HERMAN GONZALES,

     Defendants – Appellees.

No. 14-2197
(D.C. No. 2:14-CV-00219-RB-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of

this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Appellant Ja'Wayne Helfferich, a state prisoner proceeding pro se, filed a

complaint in which he alleges that his constitutional rights were violated by officials

involved in transporting him between New Mexico correctional facilities. Appellant

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

asserts the trip consisted of nine hours in a hot, poorly ventilated transport vehicle with eleven other inmates. He further states that the vehicle was driven carelessly and the drivers refused to make any rest stops, all causing extreme discomfort in violation of the Eighth Amendment. Appellant also alleges that prison officials violated his procedural due process rights by failing to first medically evaluate his ability to withstand the trip.

The district court dismissed the complaint under 28 U.S.C. § 1915(e)(2), which allows a district court to dismiss a complaint sua sponte if it is frivolous, malicious, or fails to state a claim, and under Fed. R. Civ. P. 12(b)(6), which allows dismissal if it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotation marks omitted). The court found that Appellant's claim regarding the conditions of his transportation between correctional facilities, even if true, failed to rise to the level of "unnecessary and wanton infliction of pain" necessary to implicate the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The court dismissed Appellant's due process claims because Appellant failed to allege any actual injury resulting from the lack of a medical exam prior to his transport.

We review a district court's dismissal under 28 U.S.C. 1915(e) for an abuse of discretion, s*ee Schlicher v. Thomas,* 111 F.3d 777, 779 (10th Cir. 1997), and review a district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). After careful review of Appellant's

2

submissions to this court and the record on appeal, we agree with the district court's dismissal under either standard. The conditions of Appellant's transport simply do not rise to the level necessary to implicate the Eighth Amendment, particularly as "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

We also agree with the district court's dismissal of Appellant's procedural due process claim because Appellant did not describe any actual injury from the lack of a medical exam prior to transport between correctional facilities. *See O'Shea v. Littleton*, 414 U.S. 488, 493 (1974) ("Plaintiffs in the federal courts must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." (internal quotation marks omitted)).

We therefore **AFFIRM** the district court's denial of both of Appellant's claims. We **GRANT** Appellant's motion to proceed *in forma pauperis* on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge

3