**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE M. JACKSON,

        Plaintiff - Appellant,

v.

RICK HAWKINS, County Sheriff;
RON GIPSON, Jail Commander; and
ROBERT A. VANDERBUSSE, Chief
Deputy Sheriff,

        Defendants - Appellees.

No. 99-4098

(D.C. No. 98-CV-653)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Lawrence M. Jackson, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit brought

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

against Defendants for violating his constitutional rights during a period of time in which he was incarcerated in the Uintah County Jail, Uintah County, Utah. Adopting the report and recommendation of the magistrate judge, the district court dismissed Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B), ruling that Plaintiff's claims have no arguable basis for relief in either law or fact. See R., Vol. I, Doc. 25; Doc. 18. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

This court reviews an order dismissing an action under 28 U.S.C. § 1915(e)(2)(B) for abuse of discretion. See, e.g., Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (applying predecessor 28 U.S.C. § 1915(d)). Dismissal is appropriate when an action lacks an arguable basis in law or fact. See Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). In applying these standards, the court liberally construes a plaintiff's pro se complaint. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff's complaint alleges rather vague violations of the First, Eighth, and Fourteenth Amendments that occurred during a period of time he spent in the Uintah County Jail in 1998 on charges of raping a child. He basically claims that he suffered treatment in prison that was different than he would have liked. Having reviewed the record and briefs submitted on appeal, including Plaintiff's brief filed July 12, 1999, and his reply brief filed October 14, 1999, we conclude

that the district court did not abuse its discretion in dismissing Plaintiff's complaint under § 1915(e)(2)(B). We therefore **AFFIRM** the district court's Order filed April 22, 1999. We further **DENY** Plaintiff's motion for leave to proceed on appeal *in forma pauperis*.[1]

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1]Because we are affirming a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), "the district court dismissal then counts as a single strike" for purposes of § 1915(g). Jennings v. Natrona County Detention Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). Our denial of Plaintiff's motion to proceed *in forma pauperis* on appeal should not be construed as an additional strike under § 1915(g).