**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DOYLE D. WALLS,

      Plaintiff-Appellant,

v.

JAMES F. JARBOE, JR., Kearny
County Sheriff's Department, Lakin,
Kansas; DENNIS JONES, District
Attorney, Lakin, Kansas,

      Defendants-Appellees.

No. 00-3053
(D.C. No. 99-CV-3318)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **ANDERSON** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Doyle D. Walls appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mr. Walls filed his § 1983 complaint pro se and in forma pauperis. In his complaint, Mr. Walls alleged that his constitutional rights were violated during his incarceration by the Kearny County Sheriff, in Lakin, Kansas. Mr. Walls sought damages for conditions of confinement which allegedly caused physical and mental anguish and which he alleged were imposed because of his non-guilty plea to domestic violence charges. In a concise and well-reasoned order, the district court dismissed the complaint prior to service on the defendants.[1]

---

[1] Section 1915(e)(2)(B) provides that, notwithstanding the payment of a filing fee or partial filing fee by a prisoner proceeding in forma pauperis, the district court may dismiss an action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The district court's order is unclear as to which subsection of the statute it relied on in dismissing Mr. Walls' complaint. If it concluded that the action was frivolous or malicious, we review for an abuse of discretion. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997). A § 1915(e)(B)(ii) determination that the prisoner has not stated a claim for relief is reviewed de novo. *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). A district court's determination on absolute immunity is also reviewed de novo. *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). The language of the order indicates that the court may have relied on several of the subsections. The issue of which standard of review applies is irrelevant, however, because under either standard, we affirm the district court's dismissal.

The district court determined that Mr. Walls' claims against the district attorney were barred by Eleventh Amendment immunity which protects prosecutors from § 1983 actions seeking damages based on their actions in prosecuting the cases of the state. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *accord Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000). The court dismissed Mr. Walls' conspiracy claim as lacking in specific allegations of agreement or concerted action by defendants. *See Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.") (quotation omitted).

In dismissing Mr. Walls' Eighth Amendment claim of physical injury, the district court found the claim to be completely lacking in factual support. Based on this finding, the court dismissed his claim of mental and emotional anguish as insufficient to state a claim. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Finally, the court concluded that Mr. Walls' claim that the defendants were responsible for his loss of employment was "simply malicious." Dist. Ct. Order at 4.

Mr. Walls has filed a motion to proceed in forma pauperis in this court.[2] After reviewing the affidavit and the other materials filed in support of his motion, we conclude that he has not demonstrated "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Walls' affidavit indicates that he is employed. Therefore, we deny his request to proceed on appeal in forma pauperis, and order him to pay the full filing fee of $105.00 to the Clerk of the District Court for the District of Kansas, within twenty days of the date of this order.

We have considered Mr. Walls' arguments on appeal and reviewed the record. We are not persuaded that the district court erred in dismissing his complaint. Therefore, for substantially the same reasons stated in the district

---

[2] Mr. Walls was incarcerated in the state prison system at the time he filed this action. Therefore, his application to proceed in forma pauperis in the district court was subject to the requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915. Because Mr. Walls was not incarcerated at the time he filed his appeal, the provisions of PLRA do not apply to this appeal. See 28 U.S.C. § 1915(a), (b), (h).

court's February 7, 2000 order, the judgment of the United States District Court

for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.


                                             Entered for the Court


                                             Bobby R. Baldock
                                             Circuit Judge