**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 7 2001**

**TENTH CIRCUIT**

SAMMY ALVAREZ,

        Plaintiff-Appellant,

v.

M. MCCORMAC; G. STROBRIDGE;
R. LEWIS; M. P. PERRY; and T.
HINKLE,

        Defendants-Appellees.

No. 01-1107

(D.C. No. 00-Z-2306)

(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

       After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

       State prisoner Sammy Alvarez, proceeding pro se, appeals the district

court's sua sponte dismissal of his in forma pauperis complaint as legally

---

      *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Mr. Alvarez filed a 42 U.S.C. § 1983 claim against prison officials employed at the Colorado Department of Corrections at the Centennial Correctional facility, where Mr. Alvarez is incarcerated. Mr. Alvarez contended that he was denied procedural due process when prison officials sanctioned him with twenty days' segregation from other prisoners for cocaine use, as identified in his urine sample, because notice of his sanction arrived after the time period set forth in prison regulations.

A § 1915(e)(2)(B)(i) dismissal is reviewed for abuse of discretion. See Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997). An in forma pauperis complaint may not be dismissed merely because a court finds the "allegations unlikely." Denton v. Hernandez, 504 U.S. 25, 33 (1992). In reviewing a dismissal for frivolousness, this court considers, inter alia, whether the plaintiff was proceeding pro se, whether the district court inappropriately resolved genuine issues of material fact, whether the district court applied erroneous legal conclusions, whether the district court sufficiently explained its dismissal, and whether the dismissal was with prejudice when "frivolous factual allegations could be remedied through more specific pleading." Id. at 34.

In this case, we note that Mr. Alvarez is proceeding pro se, a fact that the district court carefully considered. In addition, we observe that the court did not resolve any genuine issues of material fact, and its legal conclusions were

accurate and thoughtfully expounded. The court pointed out that Mr. Alvarez did not have a constitutionally-protected liberty interest under state law that would prevent his twenty-day segregation, since such a sanction did not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Finally, the district court's § 1915(e)(2)(B)(i) dismissal did not pertain to Mr. Alvarez's factual allegations, and thus a dismissal without prejudice could not have been remedied by a more specific pleading of the facts. After carefully considering the district court's opinion, we hold that the court did not abuse its discretion in dismissing Mr. Alvarez's § 1983 action under 28 U.S.C. § 1915(e)(2)(B)(i).

We remind Mr. Alvarez that because his motion to proceed in forma pauperis on appeal was denied, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

For the reasons stated above, the judgment of the district court is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge
