Roland RUDD, Plaintiff–Appellant,

v.

SEDGWICK COUNTY DISTRICT COURT, Department Administrator, 18th Judicial District; Bill Graves, Governor, for the State of Kansas, Defendant–Appellee.

No. 01–3132.

United States Court of Appeals, Tenth Circuit.

Jan. 8, 2002.

Before EBEL, KELLY, and LUCERO, Circuit Judges.[*]

ORDER AND JUDGMENT[**]

PAUL KELLY, Jr., Circuit Judge.

Plaintiff Appellant Roland Rudd, a prisoner proceeding pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We review the dismissal of a case pursuant to § 1915(e)(2)(B)(i) for an abuse of discretion. *See Denton v. Hernandez,* 504 U.S. 25, 33–34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Schlicher v. Thomas,* 111 F.3d 777, 779 (10th Cir.1997).

Mr. Rudd's complaint alleges that his arrest and conviction for rape resulted from a conspiracy against him and that the prosecutor proceeded against him despite knowing the charges were false. He further claims that "white supremacy" pre-

[*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

vented the dismissal of the charges against him. Finally, Mr. Rudd generally claims that he was denied due process and equal protection during his trial. He seeks a new trial, damages, the appointment of counsel, and an investigation.

On appeal, Mr. Rudd claims that the district court erred in dismissing the complaint without affording him notice and an opportunity to amend his pleading. Aplt. Br. at 3. Title 28 U.S.C. § 1915(e)(2)(B)(i) authorizes a district court to dismiss a complaint "at any time" it determines it is frivolous or malicious. While we construe pro se complaints liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1988), we conclude that the district court did not abuse its discretion. Mr. Rudd's damages claim appears to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which provides that to recover damages for unconstitutional imprisonment, an inmate must show that the conviction or sentence has been invalidated. Moreover, it is apparent that Mr. Rudd is challenging the fact or duration of his confinement—the proper remedy is habeas under 28 U.S.C. § 2254, with its requirement of exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); 28 U.S.C. § 2254(b)(1)(A). Finally, we agree with the district court that the complete lack of facts supporting the conclusory allegations contained in Mr. Rudd's complaint counsels dismissal under § 1915(e)(2)(B)(i).

AFFIRMED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

