F I L E D
United States Court of Appeals
Tenth Circuit

JUL 25 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS TAYLOR DORAN,

     Plaintiff - Appellant,

v.

DR. PAUL ROBINSON, President of
Sandia Labs,

     Defendant - Appellee.

No. 03-2038
(D.C. No. CIV-02-1403-WPJ/DJS)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the brief and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Douglas Doran, acting pro se[1], appeals the district court's sua sponte dismissal of his § 1983 *in forma pauperis* complaint because it was frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Doran filed suit under 42 U.S.C. § 1983 against Dr. Paul Robinson, President of Sandia National Laboratories (Sandia).[2] He alleges Dr. Robinson, acting under color of state law, violated his constitutional rights by designing nuclear weapons at Sandia, which he terms a "crime against peace." (ROA, Vol. I, Doc. 1.) In a second count, Mr. Doran characterizes the work of Sandia as a hostile act leading to the "crime of indiscriminate attack."[3] (*Id.*) He claims Sandia caused him unnecessary distress, worry, and concern for his family and their good health. For relief, he requested personal and publicized assurances from Dr. Robinson that nuclear weapon design at Sandia would cease. The district court dismissed his complaint as frivolous, and later denied a request for

---

[1]Since he acts pro se, we construe Mr. Doran's pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]Sandia National Laboratories is a federally owned facility managed and operated by private contractor Sandia Corporation. Dr. Robinson, at the time of suit, was president of Sandia Corporation and director of Sandia National Laboratories.

[3]In support of his claims, Mr. Doran variously cites to the Charter of the International Military Tribunal at Nuremberg (Aug. 8, 1945); U.S. Const., art. VI, cl. 2; Nuclear Non-Proliferation Treaty, art. VI (March 5, 1970); and Additional Protocol 1 to the 1949 Geneva Convention (Dec. 7, 1979).

reconsideration.[4]  From these orders Mr. Doran appeals.

A district court is required to dismiss an *in forma pauperis* complaint at any time if the court determines the action is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  Traditionally, we have reviewed the dismissal of a frivolous complaint for abuse of discretion; we discern no abuse.  *See Schlicher v. Thomas,* 111 F.3d 777, 779 (10th Cir. 1997).[5]  "[A] district court may dismiss an *in forma pauperis* action as frivolous if the claim [is] based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions."  *Id.* (quotation marks and citation omitted) (alteration in original).  Frivolous claims include those

---

[4]After the district court dismissed his complaint, Mr. Doran filed a pleading the court correctly construed as a motion for an extension of time in which to file either a motion to reconsider or a motion to amend the complaint.  In an Order Denying Request for Reconsideration, the district court denied the motion because there were no grounds to reconsider its ruling, and amendment of the complaint would have been futile.  We review motions to reconsider and to amend a complaint for abuse of discretion.  *Thompson v. City of Lawrence, Kan.,* 58 F.3d 1511, 1514-15 (10th Cir. 1995) (motion to reconsider); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.,* 181 F.3d 1180, 1187 (10th Cir. 1999) (motion to amend complaint).  The district court did not abuse its discretion in denying Mr. Doran's motion.

[5]*But see Wardell v. Dep't of Corr.,* No. 03-1039, 2003 WL 21640973 (10th Cir. July 14, 2003) (unpublished decision) (applying abuse of discretion standard but suggesting 1996 amendments to 28 U.S.C. § 1915 may require de novo review of § 1915(e)(2)(B)(i) dismissals); *Basham v. Uphoff,* No. 98-8013, 1998 WL 847689, at *4 n.2 (10th Cir. Dec. 8, 1998) (unpublished decision) (applying abuse of discretion standard but questioning its continued application and suggesting de novo review might apply in light of 1996 amendment to 28 U.S.C. § 1915, which removed discretion of district court to dismiss frivolous complaints and replaced it with requirement to do so).  In this case, under either a de novo or abuse of discretion standard, we reach the same result.

"describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (quotation marks and citation omitted).

Mr. Doran alleges Dr. Robinson was acting under color of state law, and yet identifies no state law involved in Dr. Robinson's activities. Even liberally construed as a complaint against a federal official in his official capacity, Mr. Doran cites to no waiver of sovereign immunity that would enable the action. *See Pleasant v. Lovell,* 876 F.2d 787, 793 (10th Cir. 1989). Furthermore, Mr. Doran fails to allege facts establishing Dr. Robinson personally caused a constitutional violation. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). If his claim is that Dr. Robinson supervised others who committed the violation(s), he has failed to allege facts establishing an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise." *Grimsley v. MacKay,* 93 F.3d 676, 679 (10th Cir. 1996) (quotation marks and citation omitted).

Apart from the paucity of facts alleged in his complaint, Mr. Doran fails to state a cognizable legal theory justifying relief. The only constitutional provision to which he cites as a basis for relief is Article VI, Clause 2, of the United States

Constitution, which provides that the Constitution, laws passed in furtherance thereof, and treaties lawfully made "shall be the supreme Law of the Land . . . ." This allusion begs the question of what explicit constitutional violation Dr. Robinson is alleged to have committed against Mr. Doran.

After a careful review of the record, we adopt the reasoning in the district court's orders, **AFFIRM** the decisions of the district court, and dismiss the appeal as frivolous.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**<br>United States Circuit Judge