**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 20 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BENJAMIN SPENCER GOSSETT, on
behalf of "We The People of The
United States of America,"

Plaintiff-Appellant,

v.

THE GOVERNMENT OF THE
UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 04-7057
(D.C. No. 04-CV-83-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Benjamin Spencer Gossett, proceeding pro se and in forma pauperis, filed his class-action complaint, on behalf of the people of the United States, against all elected and appointed officials and employees of the federal government. He alleged that defendants conspired to commit acts of treason and domestic terrorism by failing to provide him with medical treatment for the active hepatitis C and dormant tuberculosis he contracted while in the custody of the Alaska Department of Corrections. The basis of his suit was that defendants were aware of his conditions but nevertheless failed to protect the public from contagion. According to plaintiff, defendants violated the United States Constitution; the USA PATRIOT Act, Pub. L. No. 107-56, 115 Stat. 272 (2001); the Homeland Security Act, Pub. L. No. 107-296, 116 Stat. 2135 (2002); the Geneva Convention; and the Helsinki Accords.

The district court, sua sponte, determined that plaintiff's claims were frivolous for three reasons: (1) plaintiff could not "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4); (2) to the extent plaintiff was complaining about the denial of his social security disability application, that issue must be pursued in a proper social security appeal, *see* 42 U.S.C. § 405(g); and (3) plaintiff's allegations of constitutional violations were too conclusory to merit evaluation, *see Dunn v. White*, 880 F.2d 1188, 1197-98 (10th Cir. 1989). Accordingly, the district court dismissed the case under the

authority of 28 U.S.C. § 1915(e)(2)(B)(i), which instructs the court to dismiss an in forma pauperis case at any time upon a determination that the action is frivolous.

An action is frivolous under § 1915(e)(2)(B)(i) if "the claim [is] based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions." *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (internal quotations omitted). "We review the district court's dismissal based on frivolousness for abuse of discretion." *McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). Like the district court, we construe pro se pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Applying these standards, and after careful review of the record on appeal and plaintiff's filings, we conclude the district court did not abuse its discretion in entering the order of dismissal. Plaintiff's motions relating to his case caption are DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-3-