**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT W. WINKEL,

     Plaintiff – Appellant,

v.

GEOFFERY HAMMOND, MD, Medical
Director, Larned State Hospital, in his
individual capacity; DILIP PATEL, MD,
Larned State Hospital, in his individual
capacity; JOHN DOE, MD, Larned State
Hospital, in his individual capacity, a/k/a
(FNU) Oleachea; JOHN DOES, at least six
unknown John Does, security and other
staff, Larned State Hospital, in their
individual capacities,

    Defendants – Appellees.

No. 14-3191
(D.C. No. 5:14-CV-03032-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel determined

unanimously that oral argument would not materially assist in the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant Robert Winkel, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a 28 U.S.C. § 1983 action with the United States District Court for the District of Kansas against numerous medical personnel and staff at Larned State Hospital. He alleges that defendants all played a role in involuntarily administering medication to him to make him competent to stand trial, violating various constitutional rights.

The district court examined Appellant's claims and found them to be duplicative of claims he raised in another action in the same court, Case No. 5:13-CV-03103-SAC, *Winkel v. Hammond, et al.* The court dismissed the present action as frivolous under 28 U.S.C. § 1915(e), and this appeal followed.

Appellant agrees this action is essentially identical to his first § 1983 case, which he voluntarily dismissed without prejudice in September 2013. In February 2014, he filed a motion to reopen that case. While the motion was being considered by the district court, he filed this second action. Appellant was apparently afraid the district court would deny the motion to reopen the action which he voluntarily dismissed in September 2013, and his time to refile the dismissed action would elapse in the meantime.

We review a district court's dismissal under 28 U.S.C. § 1915(e) for an abuse of discretion. See *Schlicher v. Thomas,* 111 F.3d 777, 779 (10th Cir. 1997). After examining the briefs and the record in this case, we agree it essentially duplicates claims Appellant made in the earlier case filed in June 2013, which is currently pending review on the merits after the district court granted Appellant's motion to reopen. "Repetitious

-2

litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted).

We accordingly find no abuse of discretion in the district court's decision to dismiss Appellant's duplicative action, regardless of his reason for filing it, and **AFFIRM** the district court's dismissal of this case. The district court granted Appellant's motion to proceed *in forma pauperis* on appeal, and we remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full. Appellant's "Motion to Compel" is **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3